UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------- x

JOSEPH ORTOLANI,

               Plaintiff,

     v.

PLUG POWER INC., ANDREW MARSH, and
PAUL B. MIDDLETON,

               Defendants.

------------------------------------------- x

Case No. 1:26-cv-0165 (MAD) (DJS)

## STIPULATION AND            ORDER EXTENDING TIME

Subject to the approval of the Court, plaintiff Joseph Ortolani and defendants Plug Power Inc., Andrew Marsh, and Paul B. Middleton respectfully submit this stipulation and proposed order to address preliminary procedural matters in this putative class action asserting claims under the federal securities laws, including to extend all defendants' time to respond to the complaint pending resolution of lead plaintiff motions and to adjourn the initial scheduling conference scheduled to take place on May 4, 2026 and associated deadlines. *See* Dkt. No. 3.

WHEREAS:

A.     Plaintiff filed his complaint on February 2, 2026, asserting claims against the defendants under the federal securities laws on behalf of a putative class of purchasers of Plug Power common stock. The action is subject to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including for the appointment of lead plaintiff and approval of lead plaintiff's counsel and for the automatic stay of discovery during the pendency of motions to dismiss. *See* 15 U.S.C. § 78u-4.

B.     On February 2, 2026, the Court issued an order scheduling an initial case management conference and requiring the parties to file a civil case management plan and to exchange disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before April 27, 2026. *See* Dkt. No. 3.

C.     Each of the defendants has signed Rule 4 service waiver forms dated March 2, 2026, providing a deadline of May 1, 2026 for the defendants to respond to the complaint.

D.     Under the PSLRA, the deadline is April 3, 2026 for members of the putative class to file applications to be appointed lead plaintiff(s) and for approval of their selection of counsel. *See* 15 U.S.C. § 78u-4(a)(3). It is customary in putative class actions that are subject to the PSLRA for the appointed lead plaintiff to file an amended complaint or, in some cases, to designate the operative complaint from among multiple initial complaints filed in a consolidated action.

E.     The defendants anticipate filing a motion to dismiss the operative complaint in this matter, which would result in an automatic stay of all discovery under the PSRLA. *See* 15 U.S.C. § 78u-4(b)(3)(B). Any schedule for pre-trial proceedings, including discovery and initial disclosures under Rule 26(a)(1), would conflict with this statutory stay of discovery.

F.     In the interest of judicial economy, the parties agree that any response to the operative complaint by any of the defendants, and any initial conference with the Court and any associated discovery deadlines, should be deferred until after the Court has entered an order appointing lead plaintiff(s). This is the parties' first request for an adjournment.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE, subject to the approval of the Court, as follows:

1.     The defendants shall not be required to answer or otherwise respond to the complaint.

2.     Promptly after the Court has entered an order appointing lead plaintiff(s) pursuant to the PSLRA ("Lead Plaintiff Order"), lead plaintiff(s)'s counsel and counsel for defendants shall confer and agree upon a proposed schedule for:  the filing of an amended complaint (or the designation of the operative complaint); the defendants' deadline to move, answer, or otherwise respond to that pleading; and the schedule for briefing with respect to any motion filed by the defendants in lieu of an answer.

3.     No later than fourteen (14) days after entry of the Lead Plaintiff Order, the parties shall jointly submit a letter to the Court proposing the agreed-upon schedule for further proceedings discussed in accordance with the preceding paragraph.

4.     The parties respectfully request that the initial conference currently scheduled for May 4, 2026, and any associated deadlines (including without limitation the April 27, 2026 deadline to file a civil case management plan and exchange mandatory disclosures), be stricken pending further order of the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 30, 2026

POMERANTZ LLP

By: /s/ *[signature]*

Jeremy A. Lieberman
(Bar Roll No. 700864)
jalieberman@pomlaw.com
J. Alexander Hood II
(Bar Roll No. 700865)
ahood@pomlaw.com

600 Third Avenue, 20th Floor
New York, New York 10016
(212) 661-1100

*Counsel for Plaintiff*

DLA PIPER LLP (US)

By: _____
John J. Clarke, Jr. (Bar Roll No. 705346)
john.clarke@us.dlapiper.com
Steven M. Rosato (Bar Roll No. 703375)
steven.rosato@us.dlapiper.com

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Counsel for Plug Power Inc.*

BOIES SCHILLER FLEXNER LLP

By: _____
George F. Carpinello
(Bar Roll No. 103750)
gcarpinello@bsfllp.com

30 South Pearl Street, 12th Floor
Albany, New York 12207
(518) 434-0600

*Counsel for Andrew Marsh and
Paul B. Middleton*

4

Dated:  March 30, 2026

POMERANTZ LLP

By: _____

      Jeremy A. Lieberman
      (Bar Roll No. 700864)
      jalieberman@pomlaw.com
      J. Alexander Hood II
      (Bar Roll No. 700865)
      ahood@pomlaw.com

600 Third Avenue, 20th Floor
New York, New York 10016
(212) 661-1100

*Counsel for Plaintiff*

DLA PIPER LLP (US)

By: _____

      John J. Clarke, Jr. (Bar Roll No. 705346)
      john.clarke@us.dlapiper.com
      Steven M. Rosato (Bar Roll No. 703375)
      steven.rosato@us.dlapiper.com

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Counsel for Plug Power Inc.*

Dated: April 3, 2026
SO ORDERED:

BOIES SCHILLER FLEXNER LLP

By: _____

      George F. Carpinello
      (Bar Roll No. 103750)
      gcarpinello@bsfllp.com

30 South Pearl Street, 12th Floor
Albany, New York 12207
(518) 434-0600

*Counsel for Andrew Marsh and
Paul B. Middleton*

4