**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH ORTOLANI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>Defendants. | Case No.: 1:26-cv-00165-MAD-DJS<br><br>Hon. Mae A. D'Agostino |

**STIPULATION AND ORDER APPOINTING CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Lead Plaintiff Movants, Sipko de Ruiter ("de Ruiter") and Jerry L. Jaskot ("Jaskot") and Eugene Malloy ("Mallory"), by and through their undersigned counsel, hereby stipulate as follows in support of their request for appointment as Lead Plaintiffs and approval of their selection of Co-Lead Counsel:

WHEREAS, on February 2, 2026, Joseph Ortolani commenced the above-captioned action (the "Action") alleging violations of the federal securities laws on behalf of a putative class consisting of investors in the securities of Plug Power Inc. ("Plug Power") (*see* Dkt. No. 1);

WHEREAS, as a putative class action alleging violations of the federal securities laws, this Action is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which provides, *inter alia*, that any putative Class member may move for appointment as Lead Plaintiff in the Action within 60 days of publication of notice of the pendency of the Action—here, on or before April 3, 2026 (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa));

WHEREAS, on April 3, 2026, five members or member groups of the putative Class alleged in the Action filed timely, separate motions seeking appointment as Lead Plaintiff in the Action and approval of their respective selections of Lead Counsel for the Action: (i) de Ruiter (Dkt. No. 9); (ii)

Jaskot and Malloy (Dkt. No. 13); (iii) Olivier Catala-Frasquet (Dkt. No. 10); (iv) Daniel R. Vagts (Dkt. No. 11); and (v) Justin Lee (Dkt. No. 12);

WHEREAS, de Ruiter, Jaskot and Mallory are the only remaining competing movants, as all other movants have either withdrawn their motions or filed notices of non-opposition (*see* Dkt. Nos. 14–15, 17);

WHEREAS, the PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii));

WHEREAS, the PSLRA provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class (15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, de Ruiter, Jaskot and Mallory have each provided sworn Certifications pursuant to the PSLRA in support of their respective applications for Lead Plaintiff appointment, setting forth, *inter alia*, their transactions in Plug Power securities (*see* Dkt. Nos. 9-3; 13-6);

WHEREAS, de Ruiter claims to have sustained losses of approximately $196,227.55 as a result of Defendants' alleged wrongful conduct (*see* Dkt. No. 9-4);

WHEREAS, Jaskot and Mallory claim to have sustained losses of approximately $986,091.00 as a result of Defendants' alleged wrongful conduct (*see* Dkt. No. 13-4);

WHEREAS, accordingly, de Ruiter, Jaskot and Mallory have each alleged a significant financial interest in the outcome of this litigation;

WHEREAS, de Ruiter, Jaskot and Mallory submit that they are also each qualified to serve as Lead Plaintiffs in this case given, among other things, their respective Lead Plaintiff motion submissions (Dkt. Nos. 9 and 13);

WHEREAS, having reviewed one another's submissions to the Court, de Ruiter, Jaskot and Mallory believe that they each satisfy the typicality and adequacy requirements of Rule 23;

WHEREAS, after reviewing each other's submissions to the Court, de Ruiter, Jaskot and Mallory —as the only remaining movants in contention for appointment as Lead Plaintiff—have

decided that it is in the best interests of the Class to join together as Lead Plaintiffs and for their respective selections of Levi & Korsinsky, LLP ("Levi & Korsinsky") and Pomerantz LLP ("Pomerantz") to serve as Co-Lead Counsel, in that it will, *inter alia*, allow their counsel to pool their resources to immediately and efficiently commence prosecution of this Action and avoid further delay associated with a protracted lead plaintiff dispute;

WHEREAS, de Ruiter, Jaskot and Mallory are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the Action efficiently, and avoid any duplication of effort in the conduct of the litigation; and

WHEREAS, courts have endorsed stipulations among competing Lead Plaintiff movants, like here, as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that adequate resources and experience are available to the prospective class in the prosecution of th[e] action and because [e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Med., Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS, Dkt. No. 18 at 2–3 (S.D.N.Y. May 20, 2016) (internal quotation marks omitted) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *see also Qawasmi v. American Airlines Group Inc.*, No. 4:24-cv-00673-O (N.D. Tex. Nov. 22, 2024) (Dkt. No. 38) (approving stipulation of competing lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); *In re Grab Holdings Ltd. Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y. June 7, 2022), Dkt. No. 39 (same); *In re Altimmune, Inc. Sec. Litig.*, No. 8:24-cv-01315-ABA (D. Md. Oct. 2, 2024), Dkt. No. 22 (same); *Pizzuto v. Homology Meds., Inc. et al.*, No. 2:22-cv-01968-FLA (JPRx) (C.D. Cal. July 1, 2022), Dkt. No. 38 (same); *Maurer v. Argos Therapeutics Inc. et al.*, No. 1:17-cv-00216-TDS-LPA (M.D.N.C. June 23, 2017), Dkt. No. 26 (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD (N.D. Cal. Aug. 3, 2018), Dkt. No. 56 at 2 (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . . [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation"); *In*

*re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570–71 (S.D.N.Y. 2015) ("A co-lead plaintiff structure best protects the interests of the class . . . and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." (collecting cases)); *Martin v. BioXcel Therapeutics, Inc. et al.*, No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) (approving joint motion of movants, finding "both the most adequate representatives of the class and thus appointing them as co-Lead Plaintiffs will best serve the interests of the class");

IT IS HEREBY STIPULATED AND AGREED THAT, subject to the Court's approval, as follows:

1. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:26-cv-00165-MAD-DJS |
| THIS DOCUMENT RELATES TO: | CLASS ACTION<br>[TITLE OF DOCUMENT] |

2. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action;

3. de Ruiter, Jaskot and Mallory's motions for appointment as Lead Plaintiff and approval of selection of counsel (Dkt. Nos. 9 and 13) are granted, and de Ruiter, Jaskot and Mallory are hereby appointed Lead Plaintiffs in this Action and any subsequently filed or transferred actions that are consolidated with this Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

4. Lead Plaintiffs' selections of Pomerantz and Levi & Korsinsky as Co-Lead Counsel for the Class are hereby approved.

IT IS SO STIPULATED.

Dated: April 24, 2026

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: *<u>/s/ Gregory M. Nespole</u>*
Gregory M. Nespole
(Bar Roll Number: 520397)
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: gnespole@zlk.com
aapton@zlk.com

*Lead Counsel for Sipko de Ruiter and [Proposed] Co-Lead Counsel for the Class*

Dated: April 24, 2026

**POMERANTZ LLP**

By: *<u>/s/ J. Alexander Hood II</u>*
J. Alexander Hood II
(Bar Roll Number: 700864)
Jeremy A. Lieberman
(Bar Roll Number: 700865)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Lead Counsel for Jerry L. Jaskot and Eugene Malloy and [Proposed] Co-Lead Counsel for the Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 27, 2026

The Honorable ~~Mae A. D'Agostino~~ Daniel Stewart
United States ~~District~~ Magistrate Judge